UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANNY BAREFOOT | CIVIL ACTION NO. 15-240 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| WEYERHAEUSER COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court are a Motion for Summary Judgment and a Motion To Strike, filed by the Defendant, Weyerhaeuser Company ("Weyerhaeuser"). [Record Documents 23 & 29, respectively]. The Plaintiff, Danny Barefoot ("Barefoot"), opposes both motions. [Record Documents 27 & 31, respectively]. For the reasons that follow, Weyerhaeuser's motions shall be **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

Weyerhaeuser operates a facility in Natchitoches, Louisiana where it manufacturers and packages engineered lumber products. Barefoot, a truck driver, picked up a load of joists from Weyerhaeuser with the intent to transport them to Louisville, Kentucky. During that trip, Barefoot attempted to exit I-220 onto the North Market Street/ Louisiana Highway 1 exit in Shreveport, Louisiana. Upon exiting, his 18-wheeler rolled over. Barefoot alleges that Weyerhaeuser employees improperly loaded the joists onto his truck, and this improper loading caused the lumber to shift in transport, resulting in the truck rolling over.

Barefoot filed suit against Weyerhaeuser in state court in February 2015. Weyerhaeuser removed the case to this court shortly thereafter. Magistrate Judge Hornsby scheduled trial for May 16, 2016 and set discovery and other pretrial deadlines accordingly. In October 2015, the parties filed a joint motion to extend the scheduling order deadlines by 60 days in order to complete fact discovery, depose witnesses, complete expert discovery, and other similar matters. [Record Document 14]. This Court granted the motion in part, accommodating most of the requested extensions, but noted that "if this amended schedule does not fit the needs of the parties/attorneys, they may move for a continuance of the trial date." [Record Document 15].

Later that same month, Magistrate Judge Hornsby granted Weyerhaeuser's motion to substitute current counsel for previous counsel [Record Documents 16 & 17]. Then, on January 20, 2016, Barefoot moved to continue the trial, explaining that the parties' plan to complete discovery in a timely fashion was disrupted when Weyerhaeuser enrolled new counsel; depositions were delayed and expert discovery was stalled. [Record Document 20]. On January 22, 2016, this Court granted Barefoot's motion to continue and referred the matter to Magistrate Judge Hornsby for a scheduling conference and the selection of a new trial date. [Record Document 21]. On January 27, 2016, Weyerhaeuser simultaneously filed a motion for reconsideration and the instant motion for summary judgment. The Court denied the motion for reconsideration. [Record Document 26]. Weyerhaeuser subsequently filed the instant motion to strike Barefoot's affidavit, which was submitted with his summary judgment opposition.

As outlined above, Weyerhaeuser's summary judgment motion was filed on the heels of this Court's Order granting a continuance, which plainly contemplated new discovery deadlines. Nonetheless, despite the continuance and the fact that no new deadlines have yet issued, Weyerhaeuser's summary judgment motion argues that Barefoot has not come forward with evidence showing: that Weyerhaeuser failed to have proper policies and procedures in place for loading trailers; that Weyerhaeuser failed to train its employees on those policies; or that the joists were improperly loaded on the day in question. Weyerhaeuser notes that it has established that it had a truck loading policy in effect, and that the policy was followed when loading Barefoot's truck. Furthermore, Weyerhaeuser highlights the fact that at his deposition, Barefoot said he could "only assume" the accident occurred because the load shifted.

In response, Barefoot argues that Weyerhaeuser's summary judgment motion is premature and that there are material facts in dispute. He also reminds the Court that no new deadlines have yet issued, thus discovery and expert-related matters have been at a standstill. Barefoot further clarifies his allegations against Weyerhaeuser in his own affidavit wherein he asserts that during the loading process, Weyerhaeuser employees forced him to move his truck to another part of the Weyerhaeuser yard. When he did so, the load was not properly strapped down, which could have allowed it to shift internally without his knowledge. Barefoot also submits that it is possible that the bands inside each package of lumber broke or that the load of the truck was improperly balanced. This affidavit is the focus of Weyerhaeuser's motion to strike, which contends that portions of

the affidavit must be stricken because it contains unsupported allegations, speculation, and opinion testimony which Barefoot not qualified to render. [Record Document 29].

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-323.

Once the movant carries its initial burden, it is incumbent upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996)(citations omitted). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace, 80 F.3d at 1047 (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1985)(citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986)(the court must "review the facts drawing all inferences most favorable to the party opposing the motion").

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

In this case, Weyerhaeuser's motion for summary judgment focuses on Barefoot's lack of evidentiary proof at this stage of the litigation. The Court agrees with Barefoot that Weyerhaeuser's motion, which was filed on the heels of a continuance and the upsetting of all deadlines, is premature. The Court does not comment on what evidence Barefoot must marshal to ultimately sustain his allegations. However, given the procedural history

of this case, the Court will not dismiss Barefoot's complaint at this time. Indeed, the Court's previous continuance of this matter, and the referral to the magistrate for the setting of new deadlines and a new trial date, effectively provided Barefoot with additional time to complete discovery.[2]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Weyerhaeuser's motion for summary judgment [Record Document 23] be and is hereby **DENIED** without prejudice to the right to reurge. Weyerhaeuser's concomitant motion to strike Barefoot's affidavit [Record Document 29] is likewise **DENIED**. This matter is hereby **REFERRED** to Magistrate Judge Hornsby for a new scheduling conference. At that conference, Magistrate Judge Hornsby will determine which deadlines have closed and set new deadlines for all other matters.

**THUS DONE AND SIGNED** this 22 day of June, 2016 in Shreveport, Louisiana.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that it is unclear where the parties currently stand in the discovery phase of this case, in light of the informal extensions to which they previously agreed (of which the Court was uninformed) and the seemingly antagonistic and inconsistent representations they have made in their submissions to the Court.